UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CROWE,<br><br>     Plaintiff,<br><br>v.<br><br>BRISTOL-MEYERS SQUIBB<br>COMPANY, et al.,<br><br>     Defendants. | Civil Action No.11-6551 (FLW)<br><br><br>REPORT & RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders and prosecute his case.  For the reasons that follow, it is respectfully recommended that the case be dismissed without prejudice.

**BACKGROUND**

On November 8, 2011, Plaintiff, James Crowe ("Plaintiff") filed a Complaint in the instant action against Defendants Bristol-Meyers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi-Aventis U.S., Inc. and Sanofi-Synthelabo, Inc. ("Defendants") in the United States District Court for the District of New Jersey alleging, *inter alia*, products liability for injuries sustained after ingesting the drug, Plavix.  [Docket Entry No. 1].  On June 25, 2012, this Court granted Plaintiff's Counsel's motion to withdraw as counsel and ordered Mr. Crowe to either retain new counsel or inform the Court that he intends to proceed *pro se* by August 6, 2012. [Docket Entry No. 4].  Plaintiff never responded to this Court's order.

As a result of Plaintiff's failure to respond, the Court entered an Order to Show Cause

[Docket Entry No. 5] which required Plaintiff to submit a position paper no later than October 1, 2012 and which required Plaintiff to appear in person before the Court on October 15, 2012 to show cause why this action should not be dismissed for failure to prosecute. The Order was sent to Plaintiff via regular and certified mail; however, it went unclaimed. Plaintiff failed to submit a position paper and he also failed to make the requisite appearance at the Court's October 15, 2012 Order to Show Cause Hearing.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal

Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

      **1. Plaintiff's Personal Responsibility.** In this case it appears that Plaintiff is solely responsible for his failure to comply with court orders and to prosecute his case. Plaintiff has failed to retain new counsel or declare himself as proceeding *pro se* and in addition, has personally failed to meet Court imposed deadlines and/or submit paperwork.

      **2. Prejudice to Defendants.** Plaintiff's refusal to participate in advancing his case and to comply with Court orders has caused manifest injustice to Defendants. Plaintiff initiated this action and has done nothing since counsel was relieved. Plaintiff's actions, or lack thereof, supports dismissal. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

      **3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. For example, Plaintiff failed to indicate to this Court whether new counsel would be retained or he would be proceeding *pro se*. Furthermore, Plaintiff's failure to submit a position paper and to appear for the Order to Show Cause Hearing as required by the Courts' September 5, 2012 Order is especially telling because the Order specifically required Plaintiff to identify reasons why his claim should not be dismissed for failure to prosecute. Plaintiff's inaction in this regard further supports dismissal of his claim.

      **4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court proceedings and to Court orders. These circumstances, when taken as a whole, suggest that Plaintiff has abandoned his case and further support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of his continued inaction, Plaintiff has failed to participate in and prosecute his case. On these facts, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim.

In sum, Plaintiff has ignored a Court order to make an appearance to show cause why his case should not be dismissed which further demonstrates the pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes Plaintiff's failure to adequately prosecute this matter which he initiated against Defendants.

## CONCLUSION

The Court having considered this matter pursuant to FED.R.CIV.P. 78 and having given consideration of the *Poulis* factors;

IT IS on this 15th day of October, 2012,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b).

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

    s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**